## ABRAHAM D. HAHN and JOSEPH RHOADS *against* LEONARD SMITH.

The land of D. H. having been levied, and advertised for sale by the sheriff on a *venditioni exponas*, before the day of sale, D. H. by a verbal agreement, transferred the surplus of what the land might sell for, beyond the payment of incumbrances, to L. S. to indemnify him against certain liabilities. Two days after the sale, before the deed was acknowledged, and before all the purchase money was paid, A. D. H. entered a judgment against D. H. and issued a *fi. fa.* with directions to the sheriff to retain the 'surplus. *Held:* That the judgment entered after the day of sale was not a lien on land; and that the *fi. fa.* could not take the money, because the agreement between D. H. and L. S. was a legal transfer of it before it issued.

ERROR to Union county.

This was an amicable action, in which *Leonard Smith* was the plaintiff, and *Abraham D. Hahn* and *Joseph Rhoads* were the defendants. It was an issue to try the right to money in the hands of the sheriff, which arose out of the sale of the real estate of *Daniel Huntzecher*, under the following facts:

Judgments had been obtained against *Huntzecher* to the amount of two thousand six hundred and six dollars and fifty-three cents, upon some of which executions were issued, and levied upon his real estate, and which was advertised for sale by the sheriff. *Leonard Smith*, the plaintiff, was security in two debts which *Huntzecher* owed, amounting to about three hundred and sixty one dollars, and which were not secured by judgment. After the property was advertised, and before the day of sale, *Smith* went to *Huntzecher*, to know how he would secure him against the payment of the two debts for which he was his bail; *Huntzecher* replied that he had no way to save him, unless he would buy the property at the sheriff's sale; that it was worth more than the amount of the judgments against it, and if he would buy it, he should have the surplus as an indemnity against the payment of those claims. *Smith*, in pursuance of this agreement, made an arrangement with the judgment creditors of *Huntzecher*, which enabled him to buy the property at sheriff's sale, and it was struck down to him by the sheriff, on the 27th June, 1829, for two thousand nine hundred and seventy five dollars. On the 7th July, 1829, *Huntzecher* gave *Smith* a written order on the sheriff to pay him the balance of the purchase money after the payment of the liens. On the 16th of September, 1829, *Smith* having paid all his purchase money, the sheriff acknowledged the deed to him. *Smith*, in pursuance of the agreement and order of *Huntzecher*, then claimed three hundred and five dollars and thirty-six cents, from the sheriff, being the balance after the payment of the liens, which existed against the land on the day of sale.

Abraham D. Hahn and Joseph Rhoads *v.* Leonard Smith.

This balance was claimed also, by *Hahn* and *Rhoads,* under the following circumstances. On the same day *Huntzecker's* land was sold, but after the sale, he executed a judgment bond to *Hahn* for two hundred dollars, which was entered on record on the 29th June, 1829, and upon which, on the 1st August, 1829, an execution issued, with direction to the sheriff to levy upon, or retain this balance of three hundred and five dollars and thirty-six cents.

*Rhoads,* on the 1st July, 1829, obtained a judgment bond from *Huntzecker,* which was entered of record on the 14th July, 1829, and which he claimed to be a lien on the land, and entitled to the residue of this balance, after the payment of *Hahn's* judgment and execution.

The court below, (*Chapman,* president,) was of opinion, that the judgments of *Hahn* and *Rhoads,* entered after the sale by the sheriff, were not liens upon the land, although the deed to the purchaser was not acknowledged until a subsequent time; and that the acknowledgment of the deed had relation back to the time of sale.

The court was also of opinion, that the agreement between *Huntzecker* and *Smith,* in relation to the surplus after the payment of liens, and the order of *Huntzecker* to the sheriff, in favor of *Smith,* was a legal appropriation or transfer of that surplus, and therefore the execution in favor of *Hahn* was not a lien upon it in the hands of the sheriff. Judgment was therefore rendered for the plaintiff. To which opinion the defendants excepted.

*Sterrett,* for plaintiffs in error.
*Merrill* and *Lashells,* contra.

Judgment affirmed.

---

## DANIEL LEMON *against* JOHN BISHOP.

Where a plaintiff and defendant reside in the same town, a copy of a notice to take depositions left at the house of the defendant, with the defendant's daughter, by the plaintiff, more than ten days before the day appointed for taking the depositions, is not a sufficient service of notice.

ERROR to the Common Pleas of Union county.

Upon the trial of this cause in the court below, the plaintiff offered in evidence a deposition, which the defendant objected to, on the ground that legal notice of the taking of it had not been given to him.

*Daniel Lemon,* the plaintiff, having been sworn, said, he left a copy of the notice more than ten days before the taking of the deposition, at *Bishop's* house; he gave it to his daughter, who was about eighteen years of age. *Bishop* was not at home, and his